UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THOMAS RUSSELL                                                                                    PLAINTIFF

v.                                                     CIVIL ACTION NO. 4:22-cv-165-MPM-JMV

ATTALA STEEL INDUSTRIES, LLC and
BILLY ATWOOD                                                          DEFENDANTS

**ORDER**

This matter is before the court on Plaintiff's Motion to Restrict document from public access [66] as well as Plaintiff's Supplemental Motion [71] in which the plaintiff seeks to file two exhibits under seal related to his Motion to Compel [67]. Having reviewed the motions and noting that the motions are unopposed, the court finds the supplemental motion [71] well taken and it is hereby GRANTED. The original motion to restrict [66] is hereby terminated as moot.

Plaintiff seeks to file two exhibits, Exhibits C and E, containing confidential information related to the sale and pricing of steel. Exhibit C purports to be purchase orders produced by Defendant Attala Steel Industries, LLC ("Attala") to Plaintiff in response to a request for production of documents. Exhibit E purports to be invoices showing Attala's steel purchases during 2020 and 2021.

Plaintiff argues that restricting the documents from public access is necessary because both exhibits "provide confidential information that would reveal negotiations and pricing between Attala and other customers and/or manufacturers." Plaintiff continues his argument, stating that public access to these documents could harm Attala's business because this information could negatively impact future negotiations for Attala.

In considering this claim, the Court is mindful that citizens have a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597, 98 S. Ct. 1306, 55

L. Ed. 2d 570 (1978). The Fifth Circuit recognizes a "working presumption . . . that judicial records should not be sealed," *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022), and rule requires "clear and compelling reasons" to seal a document from public view. L.U. Civ. R. 79(b).

Local Uniform Civil Rule 79 provides that any motion to restrict access to a court filing must state (i) why such sealing is necessary; (ii) why another procedure will not suffice, and (iii) the period of time that the party seeks to have the matter maintained under seal. L.U. Civ. R. 79(e)(3)(C) & (E). The motion also must provide references to governing case law, L.U. Civ. R. 79(e)(3)(D), and any statute mandating or permitting the non-disclosure of a class of documents. *See* L.U. Civ. R. 79(b). "No document may be sealed merely by stipulation of the parties." L.U. Civ. R. 79(d).

Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d at 417-18. "Litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants." *Id.* However, "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Id.* Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id.*

Here, the undersigned finds that the proffered rationale for restricting access to the documents is valid – that the public disclosure of these exhibits may harm Attala's business

outweighs the public's common law right of access. Plaintiff also explains, and the undersigned agrees, that other measures such as redaction would not suffice. Thus, the court finds it is necessary to restrict access to the two aforementioned exhibits in their entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Supplemental Motion to Restrict [71] is GRANTED and the first motion to restrict [66] is terminated as moot. Plaintiff shall file Exhibits C and E with the court, and access shall be restricted only to the court and the litigants' counsel. Access to the exhibits shall be restricted until further order of this Court.

**SO ORDERED** this, the 25th day of August, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**