# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**THOMAS RUSSELL**                                                                                       **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 4:22-cv-165-MPM-JMV**

**ATTALA STEEL INDUSTRIES, LLC and**
**BILLY ATWOOD**                                                       **DEFENDANTS**

## ORDER

This matter is before the court on motion of Plaintiff Thomas Russell for sanctions against Defendant Attala Steel Industries, LLC ("Attala") [81]. The court is also in receipt of Defendant's Response [88] and Plaintiff's Reply [89]. For the reasons discussed below, the motion is granted in part and denied as to the remainder as follows.

    **I. Background & Facts**

The procedural and factual history of the subject motion to compel – essentially entirely successful on Plaintiff's part – was outlined in detail in the court's prior order [80]. Accordingly, that history is adopted but not duplicated herein.

    **II. Law & Analysis**

        a. Rule 37

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides:

> **Payment of Expenses; Protective Orders.**
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

  Plaintiff, having succeeded on his motion to compel, seeks attorneys' fees in the amount of $15,647.50, pursuant to Fed. R. Civ. P. 37(a)(5). This requested total derives from 50.5 hours of Attorney Lampton's time, billed at $180 per hour, and 21.5 hours of Attorney Smith's time, billed at $305 per hour.

### b. Lodestar

  The determination of a reasonable attorney's fee award involves a determination of a "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Rutherford v. Harris Cty.*, 197 F.3d 173, 192 (5th Cir. 1999).

  When an attorney's customary billing rate is not contested, it is *prima facie* reasonable. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). In its response, Attala makes no objection to the rates of Attorneys Smith and Lampton – $305 and $180 per hour, respectively. Given the attorneys experience and the nature of this litigation, the undersigned finds these rates reasonable and in accordance with other awards in Mississippi federal courts. *See, e.g.*, *Affordable Care, LLC v. JNM Office Property, LLC*, Civ. No. 1:19-cv-827-HSO-RPM, 2022 WL 3271092, at *7–*8 (S.D. Miss. Aug. 10, 2022) (approving a $310 hourly rate for partners and $250 hourly rate for associates at Lewis, Brisbois, Bisgaard & Smith, LLP); *Gaskill-Clayborn*, 2021 WL 4317669, at *5 (noting that the Northern District of Mississippi has previously approved "a $385 hourly rate for… an attorney with twenty years of

experience; [and] … a $285 hourly rate for… an attorney with four years of experience" and, as such, found that a $318 partner rate and a $200 associate rate are reasonable and within the prevailing market rates).

As for the reasonable number of hours expended, Rule 37(a) of the Federal Rules of Civil Procedure provides that a court may award to the prevailing party the reasonable expenses incurred in making the motion to compel, including attorney's fees. However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel. *Stagner v. Western Kentucky Navigation, Inc.*, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004). To put it more bluntly, Rule 37(a) limits courts to award fees incurred in ***securing the order compelling discovery***, not in the buildup of the dispute itself underlying, or necessitating, the motion to compel. (emphasis added) *Id.* (citing *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 175-76 (D. Mass. 1985); *SCM Societa Commercial S.P.A. v. Industrial and Commercial Research Corp.*, 72 F.R.D. 110, 112 (N.D. Tex. 1976)); *see also In re Marine*, No. CV 20-2144-JWD-SDJ, 2023 WL 1979358, at *2 (M.D. La. Feb. 13, 2023). Time that would have been expended regardless of the motion to compel must also be excluded. *See Al Asher & Sons, Inc. v. Foreman Electric Serv. Co., Inc.*, 2021 WL 799315, at *3 (W.D. Tex. Feb. 1, 2021).

In reviewing the briefing of this motion, the court first notes that Defendant Attala does not oppose the vast majority of the fees sought by Plaintiff; however, the undersigned does not find it appropriate to award fees solely on the basis of non-opposition, and instead this Court allows Rule 37(a) itself and authorities above to guide its analysis.

The court held a status conference [65] with the parties on August 9, 2023, in an attempt to resolve the discovery dispute without the filing of a motion to compel. Consistent with the

above authorities, the undersigned finds that all fees sought prior to August 10, 2023, are not recoverable for Plaintiff. Accordingly, for Attorney Smith, this leaves six (6) entries totaling 9.9 hours; for Attorney Lampton, this leaves 11 entries totaling 38.2 hours.

As for these remaining 48.1 hours of billed time, the court may conduct a line-by-line analysis of the time to determine the appropriateness of the fee award. *See Campbell*, 2022 WL 879497, at *3; *see also Hensley*, 461 U.S. at 434. Having reviewed the time entries of Plaintiff, the court finds them appropriate. Therefore, the final tally of the reasonable hours expended is as follows: 9.9 hours for Attorney Smith and 38.2 hours for Attorney Lampton.[1]

### III. Conclusion

THEREFORE, IT IS ORDERED that Plaintiff's motion is granted in part. Defendant Attala Steel is ordered to pay attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5) to Plaintiff Thomas Russell in the amount of $9,895.50.[2]

SO ORDERED, this the 1st day of November, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court also considered the 12 *Johnson* factors expressed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), to conclude that no further reduction (or adjustment upwards) of the lodestar was warranted.

[2] 9.9 hours for Attorney Smith billed at $305 per hour totals $3,019.50. 38.2 hours for Attorney Lampton billed at $180 per hour totals $6,876.