**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**THOMAS RUSSELL**                                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:22-cv-165-MPM-JMV**

**ATTALA STEEL INDUSTRIES, LLC and
BILLY ATWOOD**                                                            **DEFENDANTS**

**ORDER**

This matter is before the court on Plaintiff Thomas Russell's Urgent and Necessitous Amended Motion to Stay Discovery [Doc. 117] filed on January 31, 2024. Defendant Attala Steel Industries, LLC ("Attala") filed its Response [Doc. 123] on February 2, 2024. Plaintiff's Reply [Doc. 125] was filed February 6, 2024. Having considered the motion, as well as the parties' briefing, the court finds the motion is not well taken. Accordingly, it is denied for the reasons that follow.

    **I.**     **Background and the Parties' Positions**

By way of relevant background, this action was filed on October 24, 2022. In it, Plaintiff, a patent holder and licensor, asserts a host of causes of action against the defendant as licensee under an agreement entered into on August 31, 2018. The asserted causes of action are the following: (1) a declaration that the contract ends on August 31, 2023; (2) a declaration that Defendants must provide Plaintiff with an accounting; (3) a declaration that the license agreement is unconscionable; (4) breach of contract, seeking damages for alleged nonpayment of money due; (5) fraudulent/negligent misrepresentations; and (6) fraudulent concealment.[1]

---

[1] Plaintiff also seeks Rule 54(b) certification of any ruling on his motion for partial summary judgment. *See* [Doc. 97] at 6.

On December 21, 2022, a case management order [Doc. 31] was entered pursuant to which the following deadlines and trial dates were set: amendments and/or joinder of parties due March 3, 2023; Plaintiff's designation of experts due May 22, 2023; Defendants' designation of experts due June 21, 2023; discovery due August 21, 2023; *Daubert*/dispositive motions due September 20, 2023; final pretrial conference set for January 4, 2024; and trial set for February 5, 2024. Since the case management order was entered, Plaintiff has moved for, and received, four separate extensions/amendments of the case management deadlines. [Docs. 53, 57, 83, 98]. In addition, the trial has been continued once already. [Doc. 58].[2] Each of these motions was unopposed by Defendants or presented to the court as a joint motion. As of today, the relevant deadlines are as follows: discovery is due February 29, 2024; the *Daubert*/dispositive motions are due March 15, 2024; and the trial is set for July 15, 2024.

On November 22, 2023, Plaintiff moved for partial summary (declaratory) judgment. [Doc. 96]. The motion for partial summary judgment seeks a declaratory judgment that the license expired upon the initial five-year term, on August 31, 2023, or, alternatively, the license is terminable at will. The remaining causes of action, including two other counts for declaratory judgment as well as three counts for damages, are not addressed in any pending motions for summary judgment, partial or otherwise.

Further, as noted, discovery in this case will expire on February 29, 2024, and the motions deadline is March 15, 2024. [Doc. 99]. The trial, having already been continued once on the motion of Plaintiff—filed jointly—is set for July 15, 2024. No party has sought to

---

[2] A second trial continuance was sought on September 22, 2023, however the undersigned denied this trial continuance as part of her order extending case management deadlines. A trial continuance is typically under the purview of the presiding judge; however, after consultation with the District Judge's chambers, the District Judge assented to the undersigned Magistrate Judge entering, as part of her order, a denial of the continuance request, with the caveat that Plaintiff could re-urge a motion to continue the trial should he so desire.

extend the current July trial date. It is against this backdrop that on January 25, 2024, Plaintiff filed an opposed motion to stay discovery, and then on January 31, 2024, amended his motion to assert it is urgent and necessitous.[3]

Plaintiff argues in the memorandum in support of his motion to stay that a stay is warranted because the pending motion for partial summary judgment is "dispositive." To buoy this argument, Plaintiff states that should he prevail on the motion for partial summary judgment, he will abandon all of his remaining claims. Additionally, Plaintiff contends that any discretionary stay would be "short in duration" presumably because he can predict when the District Judge will rule on his pending motion for partial summary judgment.

Further, Plaintiff contends that Attala would suffer no prejudice from a discovery stay because—again Plaintiff presumes—Attala only needs, in order to complete its discovery, Plaintiff's deposition, and that deposition testimony is unnecessary for Attala's opposition to the pending partial summary judgment motion. Finally, Plaintiff also points to the alleged "unnecessary financial burden upon [him]" that would result by having engaged in discovery if, after all, he is successful on his partial summary judgment motion and therefore abandons his other claims. He notes, also, that if he is successful on this partial summary judgment motion (and therefore dismisses his other claims), the stay will have saved the court the expenditure of further resources on this case.

By way of response, Defendant Attala argues that while Plaintiff has styled his motion for partial summary judgment as dispositive, it is only for *partial* summary judgment.

Attala also contends that it would, in fact, suffer prejudice from a discovery stay. Specifically, Attala points to its efforts to resolve this cause within the existing case

---

[3] The court promptly set an expedited briefing schedule and the matter is now ripe for decision.

management scheduling order and asserts that it "objects to prolonging the controversy" as this would entail expending additional time and money on its behalf. Further, Attala raises a concern that Plaintiff is engaging in dilatory tactics, pointing out that "Plaintiff has repeatedly requested and received extensions of time for expert designations and discovery." *See* [Doc. 124] at 7.[4]

## II. The Law

A district court has broad discretion to stay proceedings and exercise control of its own docket and the course of litigation, including the discovery process. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n. 114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery."). If "resolution of a preliminary motion may dispose of the entire action", then staying discovery may be an appropriate course of action. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. Feb. 4, 2003); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (explaining district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). The length of the stay may also be a relevant consideration. *See Sneed v. Abbot*, Civil Action No. 21-279-JWD-RLB, 2021 WL 2877239, at *4 (M.D. La. Jun. 29, 2021) ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short time, and the opposing party will not be prejudiced by the stay.").

In weighing a motion for a stay, courts consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted;

---

[4] The undersigned, however, notes that these requests have been made and granted, repeatedly, without objection, or jointly. *See* [Docs. 53, 54, 57, 83, 84, 98, 99].

and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013).

### III. Analysis

In the Northern District of Mississippi, it is the practice of the court to observe the 4-month rule. The 4-month rule stipulates that, at minimum, though still in the court's discretion, four months separates the dispositive motions deadline and the trial date in a civil case. In the present cause, the motions deadline and trial date are exactly 4 months apart currently. Absent a request for a trial continuance—and the District Judge ruling in favor of the same—it is simply impractical for the undersigned Magistrate Judge to delay the current fast-approaching discovery (and therefore motions) deadline.[5]

In addition to the sheer impracticability of imposing a stay of discovery in this case with a pending trial date of July 15, 2024, I find Plaintiff's argument that a discovery stay is warranted because the pending motion for summary judgment is "dispositive" unpersuasive. Though Plaintiff states that should he prevail on the motion for partial summary judgment, he will abandon his damage and other claims, he has not conceded that the other claims will be abandoned should he not prevail in whole or in part on his pending partial summary judgment motion. And, of course, the problem with that—should he lose his motion for partial summary judgment—is that the parties will still be facing a trial date of July 15, 2024, on claims that, due to a stay having been entered, neither party would have completed discovery for, much less filed *Daubert* and/or dispositive motions with respect to.

---

[5] In other words, notwithstanding Plaintiff counsel's assertion that the motion for partial summary judgment will be decided shortly, so the stay would be very brief, the fact is that this is merely guess work on his part, and in any event, given that the existing discovery deadline is Feb. 29, 2024, even a very brief stay—absent a trial continuance—is not practical.

On the other hand, I am persuaded that the non-moving party, Attala, will unfairly suffer prejudice if a discretionary stay is granted. Correspondence between Plaintiff's counsel and Attala's counsel, *see* [Doc. 123, Exhibits D – P], demonstrate that Attala has been diligent in its efforts to conduct discovery in the timeframe agreed upon by the court and parties through the various extensions and the initial scheduling order. Moreover, Attala asserts it has a substantial interest in maintaining the current trial date so as to conclude this long pending case and therefore the time and money devoted to litigating it. And, though the undersigned makes no comment on the merits of a future motion, if any, to continue the trial date (that being the exclusive province of the District Judge), I agree that, generally speaking, when litigation is prolonged, the time and money required to conclude it is increased.

In sum, for the reasons above, the court does not find that a stay is warranted in this cause.

**THEREFORE, IT IS ORDERED** that Plaintiff's urgent and necessitous motion [Doc. 117] is hereby denied. Plaintiff's motion to stay discovery [Doc. 112], filed prior to re-styling the motion as urgent and necessitous, is also denied as moot given the filing of the later motion.

**SO ORDERED**, this the 9th day of February, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**